IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RICHARD GRIER,**<br>    a/k/a "Rich Homie",<br><br>    **Defendant** | Case No. JKB-19-0036 |

### GOVERNMENT'S MOTION FOR TRANSCRIPT

The United States of America, by and through undersigned counsel, respectfully moves this Court to permit the Government access to the attorney inquiry hearing held in the above-captioned matter on December 19, 2022, and in support thereof states:

1. On February 4, 2019, the Court appointed Christopher J. Purpura to represent the defendant, Richard Grier in *United States v. Richard Grier, et al.,* JKB-19-0036. ECF 77.

2. On November 9, 2022, the defendant was charged in a Fourth Superseding Indictment with violations of federal law to include Count One, Conspiracy to Participate in a Racketeering Enterprise, 18 U.S.C. § 1962(d). ECF 1000.

3. The defendant filed a "pro se entry of appearance" on November 18, 2022. ECF 1009. The Court referred the matter to U.S. Magistrate Judge Matthew J. Maddox for an Attorney Inquiry Hearing in response to the defendant's filing. ECF 1013.

4. On December 19, 2022, the defendant had his initial appearance and arraignment on the Fourth Superseding Indictment. ECF 1040, 1041. Judge Maddox then conducted an *ex parte* attorney inquiry hearing on the defendant's motion for pro se representation. The Government consented to the hearing being held outside its presence.

5. On January 6, 2023, Judge Maddox held a *Lafler* hearing with the defendant, at which time the Government provided the defendant with a written plea offer. The defendant gave the Government a counteroffer, which the Government accepted. *See* ECF 1056.

6. A Rule 11 hearing followed in front of the Honorable James K. Bredar, during which the defendant entered a pela of guilty to Count 1 of the Fourth Superseding Indictment. ECF 1058.

7. Judge Bredar also sentenced the defendant on January 6, 2023. ECF 1062. The defendant received a sentence of 15 years imprisonment to run concurrently to the sentence imposed in *State of Maryland v. Grier*, Baltimore City Circuit Court Case #118257005. *Id.*

8. The defendant filed a notice of appeal on January 11, 2013. ECF 1078. The defendant's informal opening brief was filed in the Court of Appeals for the Fourth Circuit on or about March 20, 2023.

9. On appeal, the defendant claims that this Court committed misconduct during the attorney inquiry hearing, which impacted his ability to fully represent himself. Specifically, the defendant claims that this Court deceived him during the attorney inquiry hearing by allowing him to represent himself but still requiring him to view discovery through standby counsel. The defendant also accuses standby counsel of continuing to negotiate plea offers behind his back. The defendant accuses the Court, standby counsel, and the Government of collusion and seeks to invalidate his guilty plea. The Government is unable to adequately respond to the defendant's allegations without the ability to review what happened during the attorney inquiry hearing.

10. "Attorney inquiry hearings in this district are designed to address a wide variety of problems that can arise between criminal defendants and their counsel." *United States v. Byrd*, 2015 WL 221769, at *2 (D. Md. Jan. 13, 2015). Although attorney inquiry hearings are not *per*

*se* sealed, the government typically consents to them occurring *ex parte* and outside public view, given that a "great majority of these problems can only be addressed by the Court if the parties involved are invited to speak openly and with candor to the Court." *Id.* Indeed, "[b]ecause the nature of any attorney inquiry hearing involves the disclosure of sensitive and confidential matters between a defendant and his attorney, often concerning the attorney-client relationship including communications that are otherwise protected by privilege, attorney inquiry hearings are closed not only to the public, but also to counsel for the government." *United States v. Pyne*, 2016 WL 11477388, at *1 (D. Md. Nov. 15, 2016).

11. At the same time, a defendant waives the secrecy of protected communications by levying substantive challenges at them in ways that leave the government unable to respond. For example, a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during litigation. *See Hunt v. Blackburn*, 128 U.S. 464, 470–71 (1888). On those and similar grounds, judges have granted defendants access to attorney inquiry transcripts when the defendants believed that the transcripts supported their legal positions. *See, e.g.*, *Pyne*, 2016 WL 11477388, at *1. And judges have let the government rely on attorney inquiry transcripts to address a variety of challenges related to guilty pleas and plea offers. *See, e.g.*, *United States v. Shropshire*, 2022 WL 1451649, at *2 (D. Md. May 9, 2022); *Fernandez v. United States*, 2007 WL 1119388, at *2 (W.D.N.C. Apr. 13, 2007). Thus, a "privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (citations omitted).

12. The Government now seeks to have the Attorney Inquiry hearing held on December 19, 2022 transcribed for the purposes of responding to the defendant's appeal. The Government notified his prior counsel, Christopher J. Purpura, of its intent to file this request. Mr. Purpura

3

took no position on the filing. The defendant claims in his appeal that "[a]ppellant does not believe that this hearing [the attorney inquiry] was even recorded and that should be highly illegal…". *See* Attachment A, Informal Brief of the Defendant, No. 23-4027, p. 2. Therefore, the Government believes the defendant would not object to the Government's request.

WHEREFORE, the Government respectfully requests that the attorney inquiry hearing held on December 19, 2022, be transcribed and copy be provided to the Government and the defendant, Richard Grier.

Respectfully submitted,

Erek L. Barron
United States Attorney

By:_____/s/_____
Patricia McLane
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on March 31, 2023, a copy of the Motion was served, postage pre-paid to Richard Grier, #474750, NBCI, 14100 McMullen Highway, SW, Cumberland, MD 21502.

By:_____/s/_____
Patricia McLane

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**RICHARD GRIER,**<br>     a/k/a "Rich Homie",<br><br>**Defendant** | **Case No. JKB-19-0036**<br><br>**FILED UNDER SEAL** |

# ORDER

Upon review of the Motion of the United States of America, the Court hereby adopts the Government's proffer of the reasons as presented therein, and for good cause shown, it is **ORDERED** that the Attorney Inquiry hearing held in the above-referenced case on December 19, 2022, be made available to the Government through a transcript;

It is further ORDERED that a copy of the transcript be provided to the defendant, Richard Grier; and

It is further **ORDERED** that the Clerk of the Court provide a copy of this Order to the United States Attorney's Office.

_____
The Honorable Matthew J. Maddox
United States Magistrate Judge