**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. JKB-19-0036** |
| | ) | |
| **DESMOND BUTLER, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER AUTHORIZING THE
UNITED STATES MARSHALS TO PHOTOGRAPH
THE DEFENDANTS' TATTOOS BEFORE TRIAL**

Among the many ways in which the Defendants demonstrated their allegiance to and membership in the CCC enterprise was by having CCC-related tattoos. These included, but were not limited to, tattoos bearing the word "SCL", "L", and others symbolizing the enterprise. Through this motion, the Government seeks an order authorizing the United States Marshals to photograph the defendants' tattoos, and further authorizing Special Agent Anthony Petrella with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to be present while the photographs are taken so that he can testify to the authenticity of the photographs at trial.

The Fourth Circuit has held that compelling a defendant to be photographed for the purpose of capturing images of gang-related tattoos does not violate the constitutional privilege against self-incrimination. *United States v. Toliver,* 387 Fed. Appx. 406, 417 (4th Cir. 2010). That is because "tattoos are a physical trait, similar to [a] voice or handwriting," and therefore do not constitute testimony within the meaning of the Fifth Amendment. *Id.; see also Tasco v. Butler,* 835 F.2d 1120, 1124 (5th Cir. 1988) ("The Court's judicial notice of [the defendant's] identifying tattoos and scare did not impinge on his Fifth Amendment privilege."); *United States v. Bay,* 762 F.2d 1314, 1315-16 (9th Cir. 1985) ("The cases hold that [display of tattoos] does not infringe the Fifth Amendment privilege against self-incrimination."); *Watford v. Hendricks,* 2007 WL

1237839 (D.N.J. Apr. 27, 2007) (concluding that petitioner had no right to refuse to display his tattoo to the jury).

Evidence of the defendants' tattoos will also be probative, and therefore relevant to the charged racketeering conspiracy in this case. To sustain its burden of proof on Count One, the Government must prove both the existence of an enterprise – here, CCC – and that the defendants were members or associated with the enterprise. 18 U.S.C. § § 1962(c) & (d); *Salinas v. United States,* 522 U.S. 52, 62-65 (1997). Courts have routinely held that evidence of gang-related tattoos is admissible in racketeering conspiracy cases to show affiliation with a particular group. *See, e.g., Toliver, supra,* 387 Fed. Appx. At 419 ("Given that the government was required to show [the defendant's] membership in the BHB as one of the elements of the substantive crime, the presence of the gang tattoos all over his body tended to show [the defendant] was a member, and the evidence was property admitted to show that membership."); *United States v. Pierce,* 785 F.3d 832, 841 (2nd Cir. 2015) (evidence of tattoos was relevant and properly admitted where it showed defendant's loyalty to fellow Courtland Avenue Crew gang members and animosity towards rival gang); *United States v. Zambrano,* 2011 WL4565796 at *3 (N.D. Ill. Sept. 25, 2011) (denying Latin Kings' defendants' motion to exclude gang-tattoo evidence, and nothing that "tattoo evidence demonstrated membership in a gang whose members composed a RICO conspiracy").

In sum, the order requested in this motion is consistent with the Fifth Amendment and likely to provide the jury with relevant and highly probative evidence. Thus, for all the foregoing reasons, the Government respectfully asks the Court to issue an order authorizing the United States Marshals to photograph the defendants' tattoos, and further authorizing ATF Special Agent Anthony Petrella to be present while the photographs are taken so that he can testify to the authenticity of the photographs at trial.

Respectfully submitted,

Erek L. Barron,
United States Attorney

By: _____/s/_____
Patricia McLane
Michael Hanlon
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland  21201
(410) 209-4800

Filed ECF: August 17, 2023

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.    ) | **CRIMINAL NO. JKB-19-0036** |
| ) | |
| **DESMOND BUTLER, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of the Government's Motion Authorizing the United States Marshals to Photograph the Defendants' Tattoos Before Trial and any opposition filed herein, it is hereby on this _____ day of _____, 2023,

ORDERED that the United States Marshals photography the Defendant's Tattoos on or before September 29, 2023; and it is further

ORDERED that Special Agent Anthony Petrella of the Bureau of Alcohol, Tobacco, Firearms and Explosives may be present for the photographs.

_____
Hon. James K. Bredar, Chief Judge
United States District Court